**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PATRICIA W. WATSON,**

        Plaintiff,

**vs.**                             **CASE NO.**

**ACCOUNTS RECEIVABLE
MANAGEMENT, INC.,**

        Defendant.
_____/

**COMPLAINT
JURY TRIAL DEMANDED**

1. Plaintiff, PATRICIA W. WATSON, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. § 1331, 1337, and 1367.

3. Venue in this District is proper because Plaintiff resides in this District and Defendant placed telephone calls into this District.

**PARTIES**

4. Plaintiff, PATRICIA W. WATSON is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

5. Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC. (hereafter referred to as "ARM") is a foreign business corporation organized and existing under the laws of the State of New Jersey with its principal place of business and corporate offices in Thorofare, New Jersey.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a and Fla. Stat. § 559.55(6), because it regularly uses the mail and/or telephone to collect or attempt to collect consumer debts in the Middle District of Florida in a business the principal purpose of which is the collection of delinquent consumer debts, originally owed to other parties, and was acting as a debt collector with respect to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Beginning on or about December 2010 and continuing to February 2011, Defendant, in an attempt to collect a debt, placed no less than thirty (30) automated and/or pre-recorded telephone calls to Plaintiff's cellular telephone number (251) 281-XXXX.

11. On numerous occasions beginning on or about December 2010 and continuing to February 2011, Defendant, in an attempt to collect a debt, placed several telephone calls to Plaintiff's cellular telephone in a single day.

12. Defendant left the following pre-recorded messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

December 4, 2010 at 8:34 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 4, 2010 at 9:38 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 4, 2010 at 5:04 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 5, 2010 at 12:35 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 5, 2010 at 2:25 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 5, 2010 at 3:49 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 12, 2010 at 12:07 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 12, 2010 at 2:32 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 12, 2010 at 4:46 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 16, 2010 at 9:48 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 16, 2010 at 1:22 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 16, 2010 at 2:20 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 17, 2010 at 9:40 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 17, 2010 at 10:13 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 17, 2010 at 10:42 AM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 18, 2010 at 4:42 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 18, 2010 at 9:09 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

December 21, 2010 at 8:39 PM
This call is for Patricia Watson. If you are not Patricia Watson, hang up. If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson. This is an attempt to collect a debt.

<u>December 22, 2010 at 10:37 AM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>December 28, 2010 at 7:14 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 6, 2011 at 10:24 AM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 7, 2011 at 9:24 AM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 7, 2011 at 2:36 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 10, 2011 at 2:07 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 11, 2011 at 3:54 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 11, 2011 at 9:00 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 14, 2011 at 2:13 PM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 15, 2011 at 9:15 AM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

<u>January 19, 2011 at 10:31 AM</u>
This call is for Patricia Watson.  If you are not Patricia Watson, hang up.  If you are Patricia Watson and continue to stay on the line you are verifying that you are Patricia Watson.  This is an attempt to collect a debt.

13. The Defendant placed similar or identical calls on other occasions. (Collectively, "the telephone messages").

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

## COUNT I
## PLACING CALLS AFTER 9:00 PM
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(1)

16. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant communicated with Plaintiff after 9 o'clock postmeridian, local time at the Plaintiff's location, which Defendant should have assumed to be an inconvenient time to communicate with Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### TELEPHONIC HARASSMENT AND ABUSE BY PLACING UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d

19. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

20. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or prerecorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented in violation of 15 U.S.C. § 1692d.

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

- a. Damages;
- b. Attorney's fees, litigation expenses and costs of suit; and
- c. Such other or further relief as the Court deems proper.

## COUNT III
### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

21. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

22. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C § 1692d(5).  See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

- a. Damages;
- b. Attorney's fees, litigation expenses and costs of suit; and
- c. Such other or further relief as the Court deems proper.

## COUNT IV
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

23. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name in the telephone messages in violation of 15 U.S.C §1692d(6).  See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT V
### WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

25. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

26. By repeatedly placing numerous telephone calls to Plaintiff in a single day, Defendant willfully communicated with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

      a. Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT VI
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

27.    Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

28.    Defendant violated Fla. Stat. § 559.72(9) by attempting to collect a debt by placing automated and/or pre-recorded telephone calls to the Plaintiff's cellular telephone without the Plaintiff's express prior consent when Defendant knew it did not have a legal right o use such collection techniques because such collection techniques violate the TCPA. See *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D.Fla. 2000) (stating that Fla. Stat. § 559.72(9) is violated when defendant attempts to collect a debt in a manner prohibited by another statute).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

## COUNT VII
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

29.    Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

30.    Defendant violated Fla. Stat. § 559.72(9) by attempting to collect a debt by leaving pre-recorded messages on Plaintiff's cellular telephone in which it did not disclose its identity when Defendant knew it did not have a legal right o use such collection techniques because such collection techniques violate the FDCPA. See *Kaplan v. Assetcare, Inc.*, 88

F.Supp.2d 1355, 1363 (S.D.Fla. 2000) (stating that Fla. Stat. § 559.72(9) is violated when defendant attempts to collect a debt in a manner prohibited by another statute).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VIII
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(17)

31.     Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

32.     Defendant violated Fla. Stat. § 559.72(17) by communicating with Plaintiff between the hours of 9 p.m. and 8 a.m. without the prior consent of Plaintiff.

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT IX
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

33.     Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

34.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff PATRICIA W. WATSON demands trial by jury.

THE CONSUMER RIGHTS LAW GROUP, PLLC

/s/ James. S. Giardina
JAMES S. GIARDINA
*Trial Counsel*
Fla. Bar. No. 0942421
3104 W Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
*Attorneys for Plaintiff*